T.C. Memo. 2007-43

UNITED STATES TAX COURT

JERRY JOE KERR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22838-04L.              Filed February 22, 2007.

Joseph R. Borich III, for petitioner.

Dennis R. Onnen and James E. Cannon, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Pursuant to section 6330, petitioner seeks review of a proposed levy.[1]  The only issue is whether respondent's settlement officer abused his discretion in

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

rejecting petitioner's offer to compromise his 1992 income tax liability.

## FINDINGS OF FACT

The parties have stipulated some facts, which we incorporate herein by this reference. When he petitioned the Court, petitioner resided in Kansas City, Missouri.

### Prior Deficiency Proceeding

On October 20, 1997, respondent sent petitioner a notice of deficiency with respect to income taxes for the years 1992 and 1993. Petitioner timely petitioned this Court, seeking a redetermination of the deficiencies and additions to tax. On February 24, 1999, pursuant to the parties' stipulation, this Court entered its decision that for taxable year 1992 petitioner had a deficiency of $44,948 and owed an $8,990 penalty pursuant to section 6662(a).[2]

### Petitioner's Marital Settlement

On December 19, 2001, petitioner and his former wife, DeAnna Daniels Kerr (Ms. Kerr), filed a marital settlement and separation agreement (the marital settlement) with the Circuit Clerk, Cass County, Missouri. The marital settlement provided for the division between petitioner and Ms. Kerr of personal property, real estate, and financial assets. The marital

---

[2] The Court decided that petitioner had no deficiency and owed no penalties for his taxable year 1993.

settlement provided, among other things, that petitioner would have ownership of a 1989 Ford pickup truck and that Ms. Kerr would release any interest or title to "any commercial vehicles". The marital settlement also provided that petitioner would retain as his sole and separate property the stock of 7 Materials Corp. and Kerr Construction & Paving Co.; it further stated that Ms. Kerr would relinquish any interest in the stock of Redi-Mix Concrete (hereinafter RMC). The marital statement also stated that petitioner owned no real estate, having quitclaimed to Ms. Kerr his ownership interests in six parcels of real estate, including one in Lake Winnebago, Missouri, and one at an address on "Euclid" in Kansas City, Missouri. In addition, the agreement indicated that petitioner and Ms. Kerr had made full disclosure of their income and assets and the values thereof in Income and Expense Statements and Financial Statements to be filed with the Cass County Court.

Collection Proceeding

On March 10, 2003, respondent issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing with respect to petitioner's unpaid 1992 tax liability, which had grown to $129,220. Petitioner requested a hearing. On June 30, 2003, before any hearing had been scheduled, respondent received from petitioner Form 9465, Installment Agreement Request, wherein

petitioner proposed to pay his 1992 taxes with $10,000 up front and $1,000 per month thereafter.

On June 21, 2004, respondent's settlement officer held a face-to-face hearing with petitioner and his representative.[3]  On July 6, 2004, the Appeals Office received from petitioner Form 656, Offer in Compromise, wherein petitioner offered to compromise his 1992 income tax liability for $7,500. Petitioner's Form 656 indicated that the offer-in-compromise was predicated on doubt as to liability and doubt as to collectability.  Also on July 6, 2004, petitioner submitted to respondent Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  On the Form 433-A, petitioner reported that his only income was a pension of $2,201 per month and that he had monthly living expenses of $2,144. None of the required documentation was attached to the Form 433-A.  The last page of the Form 433-A admitted into evidence contains the settlement officer's handwritten calculations, which show, without elaboration, the sum of $9,558.16.

By letter dated July 16, 2004, the settlement officer advised petitioner that, because of the previous Tax Court decision adjudicating his 1992 income tax liability, his offer-in-compromise could be not considered on the basis of doubt as to

---

[3] Apparently, at this hearing petitioner made no mention of his previous installment agreement request; it is unclear that the settlement officer was aware of it at the time.

liability. By letter to petitioner dated September 7, 2004, the Appeals officer advised that he needed additional information in order to evaluate the offer-in-compromise on the basis of doubt as to collectability. The settlement officer requested, among other things, substantiation of the living expenses petitioner had claimed on his Form 433-A. In addition, referring to provisions of the marital settlement, the settlement officer requested additional information, including the following:

1. Descriptions and values of the "commercial vehicles" that the marital settlement indicated Ms. Kerr had relinquished to petitioner.

2. With respect to the three companies that the marital settlement indicated had been retained by petitioner, an explanation of the current status of these companies, including documentation of any sales or transfers of the companies' assets.

3. Information about the real properties that, according to the marital settlement, petitioner had quitclaimed to Ms. Kerr. The settlement officer requested an explanation as to why petitioner had since used, at different times, the Lake Winnebago, Missouri, address and the Kansas City "Euclid" address as his home address on correspondence with the IRS.

4. A copy of the income and expense statements and financial statements referenced in the marital settlement.

The settlement officer's letter indicated that if the requested information were not provided by October 1, 2004, petitioner's offer-in-compromise would be rejected.

By letter dated September 29, 2004, petitioner provided a minimal amount of documentation relating to his expenses, stating that he paid for his expenses in cash. Petitioner's letter stated that his interest in "commercial vehicles", as referenced in the marital settlement, was limited to a single 1989 Ford pickup, which he had already listed on his Form 433-A. Petitioner stated that two of the three companies referenced in the marital settlement had closed down with no assets, and that the other company, RMC, was wholly owned by his ex-wife. He provided no documentation of any sales or transfers of these companies. Petitioner stated that the Lake Winnebago, Missouri, address was his "permanent mailing address" and that the Kansas City "Euclid" address was where "I rent to live"; petitioner stated that he had no copies of quitclaim deeds. Finally, petitioner stated that the settlement officer's request for financial statements referenced in the marital settlement was "unclear" and that he had no copy of the statements.

By notice of determination dated October 26, 2004 (the notice), the Appeals Office sustained the proposed levy. An attachment to the notice indicated, among other things, that petitioner's offer-in-compromise had been rejected because

petitioner's response to the settlement officer's request for additional information was inadequate to permit the settlement officer to make a reasonable analysis of petitioner's offer-in-compromise.[4]

## OPINION

Petitioner does not dispute his underlying tax liability. We review the settlement officer's rejection of petitioner's offer-in-compromise for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000).

Petitioner contends that the settlement officer abused his discretion in rejecting petitioner's offer-in-compromise. Petitioner does not dispute that the settlement officer requested additional information that petitioner never provided. Petitioner contends, however, that he provided all the information that he had available, which he says was "complete and current from his point of view". Petitioner suggests that the burden was on the settlement officer to develop any additional information which the settlement officer might wish to

---

[4] In the notice of determination, the settlement officer also considered petitioner's previous request for an installment agreement, even though petitioner had not raised this issue at the collection hearing. The settlement officer rejected the requested installment agreement on the ground that the proposed payments would not fully pay petitioner's tax liabilities within the expiration date for collection. Petitioner has not challenged this determination in this proceeding.

rely upon to reject petitioner's offer-in-compromise. Petitioner's contentions are unpersuasive.

When requesting an offer-in-compromise, the taxpayer must provide complete and current financial information sufficient to enable the Appeals officer to adequately evaluate the offer. Sec. 301.7122-1(d)(2), Proced. & Admin. Regs. If the taxpayer fails to do so, the offer-in-compromise may be rejected. See, e.g., Shrier v. Commissioner, T.C. Memo. 2006-181; Picchiottino v. Commissioner, T.C. Memo. 2004-231; Willis v. Commissioner, T.C. Memo. 2003-302.

The settlement officer did not abuse his discretion in finding that petitioner's responses to requests for additional information were insufficient to permit a reasonable analysis of petitioner's offer-in-compromise. The answers that petitioner provided to the settlement officer's September 7, 2004, request for additional information were incomplete and insufficient to resolve legitimate questions raised by the settlement officer as to apparent discrepancies between petitioner's reported financial information and the provisions of the marital settlement. For example, although the marital settlement indicated that Ms. Kerr had relinquished any interest in RMC, petitioner represented to the settlement officer, without supporting documentation, that RMC was wholly owned by Ms. Kerr. Petitioner has not credibly explained these inconsistencies or his failure to submit complete

information as requested.  Similarly, petitioner has offered no explanation as to why his Form 433-A, submitted with his offer-in-compromise, indicated that petitioner had the ability to pay only $57 per month, whereas in his previously requested installment agreement, petitioner had offered to pay $10,000 up front and $1,000 per month thereafter.

Petitioner refers to the settlement officer's notations on petitioner's Form 433-A, which petitioner interprets to mean that the settlement officer might have been willing to consider an offer-in-compromise of $9,558.16.  Petitioner suggests that the difference between this number and petitioner's $7,500 offer-in-compromise is not "meaningful" and that the settlement officer accordingly abused his discretion in rejecting petitioner's $7,500 offer-in-compromise.  We disagree.   As the settlement officer testified, his willingness to consider a $9,558.16 offer-in-compromise was contingent on petitioner's providing all the information that had been requested.  Having failed to provide the requested information, petitioner has no cause to complain that the settlement officer did not further explore the possibility of an upwardly revised offer-in-compromise.

In sum, the settlement officer did not abuse his discretion in rejecting petitioner's offer-in-compromise.  Accordingly,

<u>Decision will be entered</u>

<u>for respondent</u>.